AARON STRETCH, EX'R., *vs.* ANN GOWDEY & others.

## October Term, 1872.

WILL, CONSTRUCTION OF.—The testator directed the executors of his will to sell all his estates, the amount realized to be equally divided among his children, share and share alike, and "earnestly directs" that the shares of his daughters be invested in productive real estate or mortgages, to their sole and separate use, and, at the decease of any of his daughters, "that portion which said daughter possessed to be shared among her children, lawful issue, share and share alike," and should any of the daughters "die without having lawful issue," then the daughter might, by instrument in writing purporting to be a last will and testament, give and bequeath her "proportion of the estate" to whom she might think proper. *Held,* that the daughters took absolute estate in their respective shares, subject to be divested by leaving children surviving, and that the daughters, during coverture, had no power of disposition of their shares except in the mode pointed out by the will.

*Thos. H. Malone,* for complainants.

*Thos. N. Frazier,* for defendants.

*E. H. East,* for infants.

THE CHANCELLOR:—The bill is filed for a settlement of the estate of Thomas Gowdey, deceased, and the construction of his last will and testament. The intention of the testator throughout the will seems to me clear, and clearly expressed, and, in the events which have happened, practically easy of execution. The testator provides that a sufficiency of his estate be set apart to raise an annuity of $1000 for his sister during her life, the property thus set apart, at her death, to fall back into his estate, and to be disposed of as the main bulk of his

estate. This sister died before the testator, and the provision in her behalf is as if it had not been made. The testator gives his widow absolutely his furniture and household goods, and the control of all his estate, real, personal and mixed, for the support of herself and minor children until the youngest child comes of age ; and, for fear this general clause might not ensure her and her children a competent support, he directs, by the ninth item, the proceeds of the sale of his stock of goods, and of debts collected, to be invested in productive real estate, to be under the control of his widow for the same purposes, until the youngest child comes of age. When this event happens, as it did shortly after the death of the testator, and before the investment under the ninth clause of the will, he directs his executors to sell all his estate of every description, real, personal and mixed, except only so much " as will yield a yearly net income of $1000 per annum payable quarterly" to his widow during her natural life. By the fourth item of his will, he directs the amount realized from this sale by his executors, to be equally divided among his children, share and share alike. By the fifth clause, he provides that the part of his estate reserved to raise the annuity for his wife, shall, at her death, be also sold, and the amount equally divided among his children, share and share alike as directed in the preceding clause. The seventh item of the will is in these words : " And I most earnestly direct that the shares of my estate which my daughters will be entitled to, shall be invested in productive real estate or mortgages   *   *   and that the real estate or mortgages shall be held separate and apart from any control or claim of their husbands, or any claim their husbands' creditors may have on said estate, and, at the decease of any of my said daughters, that portion which said daughter possessed, to be shared among her children, lawful issue, share and share alike. And I furthermore direct that should any of my daughters die without having lawful issue, then said daughter or daughters, by any instrument of writing, purporting to be her or their last will

and testament, may give and bequeath her or their proportion of the estate to which they were entitled, to whom they may think proper."

The intention of the testator, by the language used in this clause, can admit of no doubt. He wills that the shares of his daughters in the money into which his estate is directed to be converted, shall be invested in productive real estate or mortgages, to be held by his daughters to their sole and separate use, and, at their death, to go to their children, if they have any, and, if none, then the daughters may dispose thereof to whom they please by last will and testament.

It is ingeniously urged by one of the able counsel of the defendants, that the direction to sell is a conversion of the testator's estate into personalty, and that this personalty is given to the children absolutely; that the subsequent direction to invest the daughters' shares in realty or mortgages, is not a re-conversion, because it is in the alternative that the daughters are entitled to take their shares without being invested as directed, and the provision in favor of the children of the daughters, and the restriction upon the power of disposition, only apply to the realty or mortgages. I do not think so. The provision for re-investment is as much a part of the will, as the clause directing an equal division among the testator's children. The one can no more be defeated than the other. The testator means that his children shall share his estate equally, but he also means that his daughters' shares shall be invested in a certain mode, and held in a certain manner. The daughters, it is true, take an absolute estate under the fourth clause, but subject to the contingency of being divested, under the seventh clause, by leaving children surviving. If they have no children, the estate is absolute in them. This is the construction put upon a similar will by our supreme court in *Alston* v. *Davis*, 2 Head, 266, in which case I was of counsel and contended for that construction. But, although the estate would be absolute if there were no children, yet the power of disposi-

tion would not be equally so, because the will points out a mode of disposition.   This was also decided by our supreme .court in *Starnes and wife* v. *Allison*, 2 Head, 221, upon an analogous will, in which case I was also of counsel, but contended for the construction insisted upon in this case by the learned counsel.   The court, however, held, that since *Morgan* v. *Elam*, 4 Yer. 374, "the law has been understood in this state to be, that the power of a married woman over her separate estate, does not extend beyond the plain meaning of the deed creating the estate, and that she is to be considered a *femme sole* in relation to it, only so far as the deed has conferred upon her the power of acting as such. When a particular mode is pointed out for the exercise of this power of disposition, she cannot dispose of it in any other way."

It is suggested, but not urged, that the will vests the power of sale in the executors named in the will, and that, as only one qualified, he cannot act.   But it is clear, that this is not a discretionary power.   It is a positive direction, and, as the learned counsel has himself urged in another connection, an absolute conversion.   It is a power, therefore, coupled with an interest, which survives, and which any legatee can enforce.

It is also said that the will directs that a part of testator's property, sufficient to raise the widow's annuity, shall be reserved, and that the executor ought not to have sold the only productive real estate, the store house.   But the will gives to the executor a discretion here as to what portion of the estate, real, personal or mixed, he will retain, and it appears that he has retained a portion of the realty, a part of which the parties have joined in conveying to the widow, but whether in part of her annuity or not, does not appear. It nowhere appears that the property reserved is not sufficient, nor that there has been an improper exercise of discretion by the executor.

Construe the will accordingly, and order an account of the administration in the usual form.